UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**LEONORILDA ALZAMORA,**

      **Plaintiff,**

v.        Case No: 6:18-cv-618-Orl-41TBS

**COMMISSIONER OF SOCIAL SECURITY,**

      **Defendant.**

                                  /

**ORDER**

THIS CAUSE is before the Court on Plaintiff's Complaint (Doc. 1). Plaintiff seeks review of the final decision of the Commissioner of Social Security ("the Commissioner") denying her Social Security Disability benefits and her Supplemental Security Income benefits. United States Magistrate Judge Thomas B. Smith issued a Report and Recommendation ("R&R," Doc. 18), recommending that the Court reverse the Commissioner's decision pursuant to sentence four of § 405(g) and remand the case only for a calculation of an award of benefits commencing January 6, 2003.

The United States filed an Objection (Doc. 19) to the R&R. The Objection does not take issue with Judge Smith's recommendation to reverse and to remand for a calculation of an award of benefits but instead objects to the start date from which the benefits should be awarded. (*Id.* at 1–2). The United States contends that calculating benefits commencing January 6, 2003, would violate the statutory requirements of the Social Security Act and the Commissioner's regulations as Plaintiff did not file her first Social Security Income claim until January 23, 2004. (*Id.*). The

United States requests the Court remand the case "for calculation and payment of past due benefits in accordance with the Social Security Act and the Commissioner's regulations." (*Id.* at 4).

Plaintiff filed a Response to Defendant's Objection (Doc. 20). In its Response, Plaintiff cites to *Moran v. Comm'r of Soc. Sec.*, No. 6:15-cv-1065-Orl-40TBS, 2016 U.S. Dist. LEXIS 187890 (M.D. Fla. May 31, 2016). In *Moran*, the United States made a similar objection in a similar scenario, and the Plaintiff proposed language which the Court adopted, so that the Order stated "in accordance with the Social Security Act and Federal regulations" after the date proposed by the R&R. *Id.* at 7. The *Moran* court reasoned, "[i]n this way, the Court does not make any specific finding of Plaintiff's onset of disability and the Commissioner will not be required to award benefits which are not legally available." *Id.* at 5–6. The Plaintiff here proposes the same language be adopted by this Court.

After a *de novo* review of the record, the Court agrees with the analysis set forth in the Report and Recommendation and agrees that the language Plaintiff proposes is proper. Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. The Report and Recommendation (Doc. 18) is **ADOPTED** and **CONFIRMED** and made a part of this Order.

2. The final decision of the Commissioner is **REVERSED** pursuant to sentence four of 42 U.S.C. § 405(g) and **REMANDED** to the Commissioner for a calculation of an award of benefits commencing January 6, 2003, in accordance with the Social Security Act and Federal Regulations.

3. The Clerk is directed to enter judgment accordingly. Thereafter, the Clerk is directed to close this case.

**DONE** and **ORDERED** in Orlando, Florida on July 11, 2019.



Copies furnished to:

Counsel of Record